IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| SAMANTHA PRICE, NATALIE FISHER, NATALIE CUSTY, and MARK GONZALES, on behalf of themselves and all others similarly situated, <br><br> Plaintiffs, <br><br> BP PRODUCTS NORTH AMERICA, INC., a Maryland Corporation, <br><br> Defendant. | No. 12-cv-06799 <br><br> Judge Robert W. Gettleman <br><br> **PUTATIVE CLASS ACTION** |

**Plaintiffs' Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement Agreement and Release**

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs move for an Order certifying a settlement class and preliminarily approving a proposed settlement with the Defendant BP Products North America, Inc., in these consolidated cases. In support, Plaintiffs state as follows:

1. After eight months of settlement negotiations, which included three face-to-face meetings and frequent telephone conferences, the parties have reached agreement on a proposed settlement ("Proposed Settlement" or "Settlement").

2. The Proposed Settlement resolves all of the claims pending in this action. The Proposed Settlement provides monetary compensation for consumer claims arising from the events giving rise to this Action.

3. A copy of the Class Action Settlement Agreement and Release ("Settlement Agreement") (and its Exhibits) is attached as Exhibit1.

4. For the reasons stated below and in the accompanying Memorandum of Law, the Court should grant this motion and enter the Proposed Order, attached as Exhibit E to the

1

Settlement Agreement, certifying a settlement class and for preliminary approval of the Proposed Settlement.[1]

    5.    The Proposed Settlement would apply to a Settlement Class, defined as:

All owners or lessees of vehicles or other items with gasoline powered engines that received, or other purchasers of, gasoline purchased at the Retail Outlets from August 13 through September 7, 2012, who, before September 28, 2012, either: (1) experienced engine performance or drivability issues resulting from the use of Affected Gasoline, but did not undertake vehicle repairs or repairs to non- vehicular gasoline powered engines by that date ("Subclass A"); or (2) undertook vehicle repairs or repairs to non-vehicular gasoline powered engines resulting from the use of Affected Gasoline ("Subclass B").

Excluded from the Settlement Class are BP, any of its parents, subsidiaries or affiliates, or officers, directors, and employees who are or have been employed by such BP entities, and any judicial officer who may preside over this action.

For the reasons set forth herein and in the accompanying Memorandum, Plaintiffs request that the Court provisionally certify the above class, solely for the purposes of the Proposed Settlement.

    6.    The Proposed Settlement contemplates that the parties will provide notice to above-defined class pursuant to Rule 23(e)(1), so that members of the class will have an opportunity to be heard on the Proposed Settlement. A description of the Class Notice is set forth in the Proposed Settlement, at Section V, pages 18-19. In summary, the Class Notice includes print and electronic publication, creation of a website, a toll-free phone number, and direct mail to known potential class members. Copies of the notice forms are found at Exhibits F, G, and H of the Settlement Agreement. For the reasons set forth herein and in the accompanying Memorandum, Plaintiffs request that the Court approve the Class Notice plan

---

[1] BP's agreement not to oppose certification of the Settlement Class under Federal Rule of Civil Procedure 23(b)(3) is for settlement purposes only. In accordance with the terms of the Settlement Agreement, should Final Approval not be attained, BP does not waive any right to oppose class certification of this or any other class for any other purpose.

under Rule 23(e)(1) and direct that notice of the Proposed Settlement be provided to class members pursuant to the plan.

7. The Proposed Settlement creates a Settlement Claims Process set forth at pages 8-10 of the Settlement Agreement, by which Claims Forms are submitted, reviewed, and are either approved or rejected. Rejected claims are monitored and can be appealed.

8. Settlement Benefit Awards (monetary compensation) will arise from two subclasses. Each class member must elect on his or her Claim Form whether he or she is seeking a Settlement Benefit Award as a member of either Subclass A or Subclass B. Class members claiming damage to two or more vehicles may submit separate Claim Forms seeking a different Settlement Benefit Award for each vehicle. Members of Subclass A who timely submit a valid Claim Form and all required documentation will be eligible to obtain the cost of the Affected Gasoline for hard starting, rough idling, stalling or other drivability issues. Settlement Benefit Awards for Subclass A are capped at $350,000 (aggregate) and $50 per class member, with a pro-rata reduction in the distribution if the aggregate is exceeded. *See* Settlement Agreement, at 12-13.

Members of Subclass B who timely submit a valid Claim Form and all required documentation will be eligible to obtain "category-specific" compensation for a variety of losses, including cost of the gasoline, repairs, alternative transportation, mileage, towing, and lost income. *See* Settlement Agreement, at 13-16. Settlement Benefit Awards for Subclass B are capped at $4,650,000 (aggregate) with a pro-rata reduction in the distribution if the aggregate is exceeded. Individual repairs are capped at $1,500 per vehicle and lost wages are capped at $200 per individual.

9. These Settlement Benefits are in addition to compensation that may have been previously paid by the Defendant's voluntary claims process. However, Settlement Benefit Awards through the Claims Process for the same claim and/or damage previously reimbursed by BP's voluntary claims facility or other third-party entity will be reduced by any amounts already paid by BP's voluntary claims facility or other third-party entity.

10. For the reasons set forth, Plaintiffs request that the Court schedule a Fairness Hearing and deadlines for written submissions in advance of that Fairness Hearing so that class members may be heard on the Proposed Settlement and so that the Court may consider whether the Proposed Settlement is fair, reasonable, and adequate under Rule 23(e).

11. In connection with the Proposed Settlement, the following materials are attached to this Motion:

    (i)    Class Action Settlement Agreement and Release

    (ii)    Exhibit A to Settlement Agreement: Class Action Settlement Claim Form

    (iii)    Exhibit B to Settlement Agreement: [Proposed] Final Order and Judgment

    (iv)    Exhibit C to Settlement Agreement: List of Retail Outlets

    (v)    Exhibit D to Settlement Agreement: Agreed Repair Schedule

    (vi)    Exhibit E to Settlement Agreement: [Proposed] Order Certifying Settlement Class and Granting Preliminary Approval of Class Action Settlement Agreement and Release

    (vii)    Exhibits F, G, and H to Settlement Agreement: Legal Notice and Notice (Long and Short Form)

    (viii)    Declaration of Mark J. Stiles, Discovery Declaration.

12. For the reasons set forth herein and in the accompanying Memorandum of Law, Plaintiffs respectfully request that the Court enter an Order certifying a settlement class and

4

preliminarily approving the Proposed Settlement. A proposed draft Order is attached for the Court's convenience as Exhibit E to the Settlement Agreement.

WHEREFORE, Plaintiffs seek an Order:

(a) Preliminarily approving the Proposed Settlement;

(b) Conditionally certifying the Plaintiff Settlement Class;

(c) Approving the Proposed Notice Plan, the forms of Notice and the Claim Form, and directing that notice be given to the class;

(d) Setting dates for written submissions and a Fairness Hearing on whether to approve the Proposed Settlement under Rule 23(e) of the Federal Rules of Civil Procedure; and

(e) Granting such other relief as the Court deems just and proper.

Dated June 27, 2013

Respectfully Submitted,

/s/Clinton A. Krislov

Clinton A. Krislov
Kenneth T. Goldstein
KRISLOV & ASSOCIATES, LTD.
20 N. Wacker Drive, Suite 1350
Chicago, Illinois 60606
Phone: (312) 606-0500

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
Phone: (312) 739-4200

Irwin B. Levin
David J. Cutshaw
Richard E. Shevitz
Edward B. Mulligan V
Jonathan A. Knoll
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Phone: 317-636-6481

William N. Riley
Ronald J. Waicukauski
Joseph N. Williams
Yvonne Ballesteros
James A. Piatt
PRICE, WAICUKAUSKI & RILEY The
Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204
Phone: (317) 633-8787

*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

    I, Clinton A. Krislov, an attorney, state that on June 27, 2013, I caused a copy of the attached **Plaintiffs' Motion and Memorandum in Support of** Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement Agreement and Release to be delivered electronically upon the parties listed below via the Court's Electronic Case Filing System:

Mark S. Lillie, P.C.
David J. Zott, P.C.
John Randolph Worth
Jessica L. Bailey
Kirkland & Ellis LLP
300 N. LaSalle Street
Chicago, Illinois 60654
(312) 682-2000
*Counsel for Defendant*

                                                              /s/ Clinton A. Krislov