*MA*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| SAMANTHA PRICE, NATALIE FISHER, NATALIE CUSTY, and MARK GONZALES, on behalf of themselves and all others similarly situated,              )  )  )  )  )  ) | |
|         Plaintiffs,    )  ) | Case No.: 12-cv-06799 |
|     v.          )  ) | Hon. Robert W. Gettleman |
| BP PRODUCTS NORTH AMERICA INC., a Maryland Corporation,    )  )  )  ) | |
|         Defendant.    )  ) | |

## [PROPOSED] ORDER CERTIFYING SETTLEMENT CLASS AND GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

Before the Court is a Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement Agreement and Release (the "Motion") filed by Plaintiffs Samantha Price, Natalie Fisher, Natalie Custy and Mark Gonzales (the "Plaintiffs"). Upon review and consideration of the Motion and the exhibits thereto, including the Class Action Settlement Agreement and Release ("Settlement Agreement") filed as Exhibit 1 to the Motion and the terms and conditions expressed therein, it is hereby ORDERED as follows:

1. The Court finds, subject to final determination following a hearing on notice to potential members of the Settlement Class, that the proposed Settlement with BP Products North America Inc. ("BP") set forth in the Settlement Agreement is sufficiently fair, reasonable, and

adequate such that notice of the Settlement should be provided to the Settlement Class and a hearing should be held as provided in Paragraph 8 of this Order.[1]

2.     This action shall proceed as a class action against BP, for settlement purposes only, under Rule 23(b)(3) of the Federal Rules of Civil Procedure, on behalf of a class consisting of all owners or lessees of vehicles or other items with gasoline powered engines that received, or other purchasers of, gasoline purchased at the Retail Outlets from August 13 through September 7, 2012, who either:  (1) experienced engine performance or drivability issues resulting from the use of Affected Gasoline before September 28, 2012 but did not undertake vehicle repairs or repairs to non-vehicular gasoline powered engines by that date ("Subclass A"); or (2) undertook vehicle repairs or repairs to non-vehicular gasoline powered engines resulting from the use of Affected Gasoline before September 28, 2012 ("Subclass B"), (collectively, the "Settlement Class").  Excluded from the Settlement Class are BP, any of its parents, subsidiaries or affiliates, or officers, directors, and employees who are or have been employed by such BP entities, and any judicial officer who may preside over this action.

3.     The Court approves and appoints as Class Counsel Clinton A. Krislov and Kenneth Todd Goldstein of Krislov & Associates, LTD; Irwin B. Levin, David J. Cutshaw, Richard E. Shevitz, Edward B. Mulligan V and Jonathan A. Knoll of Cohen & Malad, LLP; Daniel A. Edelman, Cathleen M. Combs and James O. Latturner of Edelman, Combs, Latturner & Goodwin, LLC; and William N. Riley, Joseph N. Williams and Yvonne Ballesteros of Price Waicukauski & Riley, LLC.

4.     The Court specifically finds, pursuant to Rule 23 of the Federal Rules of Civil Procedure, that:    (a) the Settlement Class is so numerous that joinder of all members is impracticable; (b) there are questions of law or fact common to the Settlement Class; (c) the claims

---

[1] Capitalized terms used herein shall have the meaning set forth in the Settlement Agreement.

of the Plaintiffs are typical of the claims of the Settlement Class; (4) the Plaintiffs and Class Counsel will fairly and adequately represent the interests of the Settlement Class; (5) questions of fact or law common to the Settlement Class predominate over questions affecting only individual members; and (6) a class action is superior to all other available methods for the fair and efficient adjudication of the controversy.

5.      The Court preliminarily approves the Settlement Agreement (Exhibit 1 to the Motion) and the exhibits thereto, including the proposed Long-Form Notice (Exhibit G to Settlement Agreement) and the Short-Form Notice (Exhibit H to Settlement Agreement), and finds that the settlement is sufficiently within the range of settlements that the Court could approve and that notice of the proposed settlement should be given within thirty (30) days after this Order is entered.

6.      The Court approves the proposed form and manner of providing notice to the Settlement Class of the certification of the Settlement Class and of the proposed settlement as described in the Motion, the Settlement Agreement, and the exhibits thereto, and finds that such notice is reasonable, constitutes the best notice practicable under the circumstances, and is in compliance with the requirements of Rule 23 of the Federal Rules of Civil Procedure.

7.      The deadline for Class Members to submit a Claim Form and all required documentation shall be thirty (30) days after the Effective Date of the Settlement Agreement.

8.      The Court shall hold a hearing at 10:00 a.m. on November, 26, 2013 to consider the final approval of the proposed settlement as fair, adequate, and reasonable.

9.      This Action is stayed except as to matters related to the Settlement Agreement, implementation of the Settlement contemplated, or any related matters, including applications for attorneys' fees, costs and expenses.  Class Counsel and members of the Settlement Class are

preliminarily enjoined, until the hearing described in Paragraph 8, from commencing or proceeding with any action against BP or any Released Persons related to any Released Claims.

10.     In the event that the Effective Date occurs, all Settlement Class Members will be deemed to have forever released and discharged the Released Claims. In the event that the Effective Date does not occur for any reason whatsoever, the Settlement Agreement shall be deemed null and void.

11.     This Order shall not be construed or used as an admission, concession, or declaration by or against BP of any finding of fault, wrongdoing, or liability. This Order shall not be construed or used as a waiver or admission as to any arguments or defenses that might be available to BP, including objections to class certification, in the event that the Settlement Agreement is terminated.

IT IS SO ORDERED.

SIGNED this 10th day of July, 2013.

_____
Honorable Robert W. Gettleman

4