IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMANTHA PRICE, NATALIE FISHER, NATALIE CUSTY, and MARK GONZALES, on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>BP PRODUCTS NORTH AMERICA INC., a Maryland Corporation,<br><br>     Defendant. | Case No.: 12-cv-06799<br><br>Hon. Robert W. Gettleman |

**PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND ENTRY OF FINAL ORDER AND JUDGMENT**

The Plaintiffs, Samantha Price, Natalie Fisher, Natalie Custy, and Mark Gonzales, on behalf of themselves and all others similarly situated, by and through undersigned counsel and pursuant to Fed. R. Civ. P. 23(e) and Part IV, ¶ 10-C of the Parties' Class Action Settlement Agreement and Release, hereby move this Court for Final Approval of the Class Action Settlement Agreement and Release ("Settlement Agreement") (Dkt. No. 94) entered into with Defendant BP Products North America, Inc. ("BP")[1], and for entry of a Final Order and Judgment in the form attached hereto as Exhibit 1. Plaintiffs' also respectfully request that an order be entered as to Plaintiffs' unopposed request for attorneys' fees and costs and Class

---

[1] BP is supportive of the settlement and agrees to abide by the terms of the Settlement Agreement.

Representative Incentive Awards in the form attached hereto as Exhibit 2. In support, Plaintiffs state as follows:

1. In August 2012, motorists in Indiana, Illinois, Wisconsin, and Ohio[2] began experiencing drivability problems with their automobiles. On August 20, 2012, BP disclosed publicly that gasoline produced by its Whiting, Indiana refinery had distributed gasoline containing excessive amounts of polymeric residue "gum."

2. Although BP initiated a "Voluntary Claims Facility," consumers reportedly experienced difficulties in making claims and obtaining compensation.

3. Around the same time, four separate class action cases were filed. Those cases were then consolidated within this case. Undersigned Class Counsel proceeded to litigate this case while simultaneously exploring the possibility of resolving consumers' claims for full and appropriate compensation with BP.

4. After eight months of settlement negotiations, which included four face-to-face meetings, almost-daily telephone conferences and email exchanges, the parties reached agreement on the terms of a settlement, which are set forth in the Settlement Agreement.

5. The Settlement Agreement resolves all of the claims pending in this action, providing monetary compensation for consumer claims based upon the events giving rise to this action. In light of the facts of this case, BP's willingness to litigate and vehemently defend this action at the motion to dismiss, class certification, summary judgment, and trial stages, it is the opinion of Class Counsel that the settlement is fair, reasonable, and adequate, as required by Fed. R. Civ. P. 23(e).

---

[2] Only one station in Ohio received gasoline that was subject to BP's recall.

6.	On June 27, 2013, Plaintiffs filed their initial Motion for Certification of a Settlement Class and Preliminary Approval of Class Action Settlement Agreement and Release ("Motion") and Memorandum of Law in Support. (Dkt. Nos. 91-92.)

7.	After a July 8, 2013, in-chambers review of the settlement and its terms by all counsel and the Court, Plaintiffs filed a revised Settlement Agreement (Dkt. No. 94), which the Court scheduled for a November 26, 2013, Fairness Hearing. (Dkt. No. 95.)

8.	On July 10, 2013, this Court granted Plaintiffs' Motion and entered an Order Certifying the Settlement Class and Granting Preliminary Approval of Class Action Settlement Agreement and Release. ("Preliminary Approval Order") (Dkt. No. 97.)

9.	On July 19, 2013, BP gave notice, pursuant to 28 U.S.C. § 1715, to the appropriate state and federal officials of the Settlement Agreement. (Dkt. No. 100.)

10.	Notice has also been given pursuant to Rule 23, and in a manner approved by this Court, providing class members with appropriate due process notice, contemplation time, and an opportunity to be heard on the Settlement Agreement. A description of the Class Notice and examples are set forth in the Declaration of Cameron Azari and exhibits thereto, which are attached as an Exhibit to Plaintiffs' Memorandum of Law filed in support of this motion as filed contemporaneously herewith. In summary, the Class Notice includes widespread print and electronic publication, creation of a website, a toll-free phone number, and direct mailed notice to all known and potential class members.[3] All documents required for the Claims Process are posted on the website and are available for download.

---

[3] For a more detailed explanation of the notice process and its results, *see* Plaintiffs' Memorandum of Law, filed contemporaneously herewith, which Plaintiffs reincorporate as if set forth herein.

11. The Settlement Agreement, with appropriate due process, opt-out, and objection procedures for class members, also creates a Settlement Claims Process by which Claims Forms are submitted, reviewed, approved or rejected, and appealed. Class Counsel has explicitly retained the right to monitor this process to ensure that claims are properly evaluated. (Settlement Agreement, Dkt. No. 94, at 9, ¶ 4.E.)

12. The Settlement Agreement applies to a Settlement Class, defined as:

> All owners or lessees of vehicles or other items with gasoline powered engines that received, or other purchasers of, gasoline purchased at the Retail Outlets from August 13 through September 7, 2012, who, before September 28, 2012, either: (1) experienced engine performance or drivability issues resulting from the use of Affected Gasoline, but did not undertake vehicle repairs or repairs to non-vehicular gasoline powered engines by that date ("Subclass A"); or (2) undertook vehicle repairs or repairs to non-vehicular gasoline powered engines resulting from the use of Affected Gasoline ("Subclass B").
>
> Excluded from the Settlement Class are BP, any of its parents, subsidiaries or affiliates, or officers, directors, and employees who are or have been employed by such BP entities, and any judicial officer who may preside over this action.

(Settlement Agreement, Dkt. No. 94, at 7, ¶ 2.)

13. Class members can seek Settlement Benefit Awards (monetary compensation) as part of one of two subclasses—Subclass A and Subclass B.

14. Members of Subclass A are eligible to obtain up to the replacement cost of the Affected Gasoline for hard starting, rough idling, stalling or other drivability issues. Settlement Benefit Awards for Subclass A are capped at an aggregate amount of $350,000, with a pro-rata reduction in the distribution if the aggregate is exceeded. (*See* Settlement Agreement, Dkt. No. 94, at 12-13.)

15. Members of Subclass B are eligible to obtain "category-specific" compensation for a variety of losses, including cost of the gasoline, repairs, alternative transportation, mileage, towing, and lost income, up to an aggregate total of $4,650,000, with a pro-rata reduction if the

4

aggregate is exceeded. BP will also pay up to $1,500 per vehicle for repairs incurred and up to $200 per individual for lost wages incurred. (*See* Settlement Agreement, Dkt. No. 94, at 13-16.)

16. These Settlement Benefit Awards are in addition to other compensation that Class Members may have previously received from BP through BP's voluntary claims process ("Voluntary Facility"), but will be reduced by any amounts already paid by BP's Voluntary Facility or other third-party entity.

17. The Settlement Agreement provides for $2,000,000 in attorneys' fees and expenses, subject to court approval, which represents 28.6% of the total $7,000,000 BP has made available to Class Members and for payment of fees and expenses under the Settlement Agreement and is less than the standard 33 1/3 market rate for fees in contingent matters like this one, plus payment of a reasonable $1,500 Class Representative Incentive Award for each named Plaintiff. (Settlement Agreement, Dkt. No. 94, at 24-25.)

18. As of the date of this filing, five (5) Class Members filed timely requests for exclusion from the Settlement and two (2) Class Members filed timely objections to the Settlement Agreement. The overwhelming lack of opposition to the Settlement Agreement supports Class Counsels' contention that the Settlement Agreement is fair, reasonable, and adequate under Rule 23(e).

19. For these reasons and those set forth in the accompanying Memorandum of Law and Declaration of Class Counsel, Plaintiffs respectfully request that the Court grant Final Approval of the Settlement Agreement and enter an Order of Final Judgment in the form attached hereto as Exhibit 1 and an order regarding attorneys' fees, expenses, and class representative incentive awards in the form attached hereto as Exhibit 2.

WHEREFORE, Plaintiffs' respectfully request:

    (a)    An Order Granting Final Approval of the Settlement Agreement and the entry of a Final Order and Judgment in the form attached hereto as Exhibit 1;

    (b)    An Order approving attorneys' fees and costs in the amount of $2,000,000 and Class Representative Incentive Awards in the amount of $1,500 per named Plaintiff in the form attached hereto as Exhibit 2; and

    (c)    Such other relief as the Court deems just and proper.

Dated: November 12, 2013

Respectfully submitted,

/s/ Clinton A. Krislov (*with permission*)
Clinton A. Krislov
Kenneth T. Goldstein
KRISLOV & ASSOCIATES, LTD.
20 N. Wacker Drive, Suite 1350
Chicago, Illinois 60606
Phone: (312) 606-0500

/s/ William N. Riley (*with permission*)
William N. Riley
Ronald J. Waicukauski
Joseph N. Williams
Yvonne Ballesteros
James A. Piatt
PRICE, WAICUKAUSKI & RILEY
The Hammond Block Building
301 Massachusetts Avenue
Indianapolis, IN 46204
Phone: (317) 633-8787

/s/ Irwin B. Levin
Irwin B. Levin
David J. Cutshaw
Richard E. Shevitz
Edward B. Mulligan V
Jonathan A. Knoll
COHEN & MALAD, LLP
One Indiana Square, Suite 1400
Indianapolis, IN 46204
Phone: (317) 636-6481

/s/ Daniel A. Edelman (*with permission*)
Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, Suite 1800
Chicago, Illinois 60603
Phone: (312) 739-4200

*Class Counsel/Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

      I hereby certify that on November 12, 2013, I electronically transmitted a true copy of the attached document to the Clerk's Office using the CM/ECF System for filing and that transmittal of a Notice of Electronic Filing was distributed to the attorney(s) of record for each other party.

                                               /s/ Irwin B. Levin