**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| SAMANTHA PRICE, NATALIE FISHER, NATALIE CUSTY, and MARK GONZALES, on behalf of themselves and all others similarly situated, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | Case No.:  12-cv-06799 |
| v. | ) ) | |
| BP PRODUCTS NORTH AMERICA INC., a Maryland Corporation, | ) ) ) | Hon. Robert W. Gettleman |
| Defendant. | ) ) ) | |

## FINAL ORDER AND JUDGMENT

Before the Court is the Plaintiffs' Motion for Final Approval of Class Action Settlement Agreement and Release (the "Motion") filed by Plaintiffs Samantha Price, Natalie Fisher, Natalie Custy, and Mark Gonzales (the "Plaintiffs").  After notice to the Settlement Class, the Court held a Fairness Hearing on November 26, 2013, pursuant to the Court's July 10, 2013**,** Order Certifying Settlement Class and Granting Preliminary Approval of Class Action Settlement Agreement and Release (Dkt. No. 97) ("Preliminary Approval Order"), to determine:

1.  The fairness, reasonableness, and adequacy of, and the granting of final approval of, the Class Action Settlement Agreement and Release ("Settlement Agreement");

2.  The objections of Class Members, if any, regarding the Settlement Agreement; and

3.  Whether a Final Order and Judgment should be entered, dismissing the Action on the merits and with prejudice as to Defendant BP.

The Court, having heard all persons properly appearing and timely requesting to be heard, having considered the papers submitted in support of the proposed Settlement Agreement and the oral presentations of counsel, having considered all applicable law, and having considered any objections timely and properly made to the proposed Settlement Agreement, finds that there is no just reason for delay of the entry of this Final Order and Judgment and approves the Settlement Agreement. This Final Order and Judgment adopts and incorporates the Settlement Agreement and the terms defined and set therein.

IT IS, THEREFORE, ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:

1.      The Court finds that it has personal jurisdiction over all Settlement Class Members and that it has subject matter jurisdiction to approve the Settlement Agreement.

2.      The Court confirms certification of the Action as a class action pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure for settlement purposes only, and for no purpose other than as set forth in and to effectuate the Settlement Agreement, with named Plaintiffs as Class Representatives and Class Counsel as counsel for the Settlement Class Members. The Settlement Class is defined as:

> All owners or lessees of vehicles or other items with gasoline powered engines that received, or other purchasers of, gasoline purchased at the Retail Outlets from August 13 through September 7, 2012, who, before September 28, 2012, either:  (1) experienced engine performance or drivability issues resulting from the use of Affected Gasoline but did not undertake vehicle repairs or repairs to non-vehicular gasoline powered engines by that date ("Subclass A"); or (2) undertook vehicle repairs or repairs to non-vehicular gasoline powered engines resulting from the use of Affected Gasoline ("Subclass B").
>
> Excluded from the Settlement Class are BP, any of its parents, subsidiaries or affiliates, or officers, directors, and employees who are or have been employed by such BP entities, and any judicial officer who may preside over this action.

3.     The Class Notice approved by the Court in the Preliminary Approval Order was published in mid-August in 4 major market, 16 local, and 6 multi-cultural newspapers covering 97% of the affected retail outlets, including but not limited to the Chicago Tribute, Indianapolis Star, Lafayette Journal and Courier, and the Milwaukee Journal; through digital banner advertisements placed on the websites of several of the major, local, and multicultural newspapers for approximately two weeks in late August 2013; and via an Internet website ("Settlement Website") and toll-free number ("Settlement Toll-free Number"). The "Short-Form Notice" also was mailed on August 9, 2013, to 31,723 potential members of the Settlement Class who had contacted BP's Voluntary Facility, whether or not the claim resulted in reimbursement.

4.     The Court finds that the distribution and publication of the Class Notice constituted due and adequate notice pursuant to Rule 23 of the Federal Rules of Civil Procedure to all members of the Settlement Class of, among other things, the pendency of this Action and the proposed Settlement with BP, their right to object or exclude themselves and to appear at the Fairness Hearing. The Class Notice provided was the best notice practicable under the circumstances.

5.     The Notice constituted valid, due, and sufficient notice to the Settlement Class, complying fully with the requirements of the Federal Rules of Civil Procedure, the Local Rules of this Court, due process, and any other applicable law or order.

6.     After proper Notice to the Settlement Class, and after sufficient opportunity to be excluded from the Settlement Class and/or to object, two (2) timely objections to the proposed Settlement Agreement were made and five (5) timely requests for exclusion were made. A full opportunity was afforded to Class Members to participate in the Fairness Hearing, and all Class

Members and other persons wishing to be heard have been heard. Accordingly, the Court determines that all Class Members are bound by this Final Order and Judgment.

7. Class Members who failed to file a timely and proper request for exclusion to the Settlement Agreement shall waive and forfeit and shall otherwise be bound by all terms of the Settlement Agreement, including the Release and this Final Order and Judgment. The Court takes notice of Roy Barnes's belated request for exclusion and his request is hereby granted.

8. Class Representatives and Class Counsel adequately represented the Settlement Class, including for the purpose of entering into and implementing the Settlement Agreement.

9. The Settlement, as set forth in the Settlement Agreement, is in good faith and is fair, reasonable, adequate, and in the best interests of the Class in accordance with Rule 23 of the Federal Rules of Civil Procedure, and of the Parties, who shall perform the Settlement in accordance with the terms of the Settlement Agreement. The Settlement Agreement is hereby approved pursuant to Rule 23(e) of the Federal Rules of Civil Procedure.

10. All Settlement Class Members and Releasing Persons shall, as of the entry of this Final Order and Judgment, conclusively be deemed to have released and forever discharged BP and the Released Persons in accordance with Paragraph 18 of the Settlement Agreement, which is incorporated herein.

11. The Release contained in the Settlement Agreement and signed by Class Counsel shall be fully binding on all Class Members and Releasing Persons.

12. All Settlement Class Members and the Releasing Persons shall be forever enjoined and barred from asserting, instituting, or prosecuting in any capacity, before any court, governmental agency, or other tribunal, any action or proceeding against the Released Persons that asserts any Released Claims.

13. BP, pursuant to 28 U.S.C. § 1715, gave notice of this Settlement to the appropriate Federal and State authorities on July 19, 2013.

14. The requirements and provisions of 28 U.S.C. § 1715 having been satisfied, Class Members may not refuse to comply with or to be bound by the Settlement Agreement, pursuant to 28 U.S.C. § 1715(e)(2).

15. The Action shall be dismissed with prejudice and on the merits, subject to this Court's reservation of exclusive and continuing jurisdiction over the Action and the Parties (without affecting the finality of this Final Order and Judgment in any way) for the purposes of, among other things: (i) supervising the implementation of the Settlement Agreement and this Final Order and Judgment; (ii) hearing and determining any application by Class Counsel for an award of attorney fees, costs, and expenses; (iii) supervising and resolving any disputes that may arise with regard to the Settlement Agreement; and (iv) enforcing this Final Order and Judgment;

16. Other than as provided for in Paragraph 20 of the Settlement Agreement, this Final Order and Judgment shall constitute the full and final discharge of all obligations of BP to the Class Representatives arising out of the Action or any other lawsuit or other action filed by or on behalf of Plaintiffs and/or the Settlement Class Members alleging any direct, indirect, representative, derivative, or other claims relating in any way to the facts and circumstances alleged in the Action.

17. Upon the Effective Date, the Settlement Agreement and the Final Order and Judgment shall be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings to the fullest extent of the law.

18. The deadline for Class Members to submit a Claim Form and all required documentation shall be thirty (30) days after the Effective Date of the Settlement Agreement.

19.     Neither the Settlement Agreement, this Final Order and Judgment, nor the fact of the Settlement are an admission by any Party of any liability or wrongdoing whatsoever, any such liability being specifically denied by the Parties; nor is this Final Order and Judgment a finding of the validity or invalidity of any claims in this Action or of any wrongdoing by any Party.

20.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then the Settlement Agreement, this Final Order and Judgment, and all other terms herein, including the certification of the Settlement Class, shall be rendered null and void and be vacated and the Parties shall be restored to their respective positions as of June 19, 2013.


    IT IS SO ORDERED.

SIGNED this 26th day of November 2013.


_____
Honorable Robert W. Gettleman