IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SAMANTHA PRICE, NATALIE FISHER, NATALIE CUSTY, and MARK GONZALES, on behalf of themselves and all others similarly situated, ) ) ) ) ) ) | |
| Plaintiffs, ) ) | Case No. 12 C 6799 |
| v. ) ) | Robert W. Gettleman District Judge |
| BP PRODUCTS NORTH AMERICA INC., a Maryland corporation, ) ) ) ) | Jeffrey T. Gilbert Magistrate Judge |
| Defendant. ) | |

## ORDER ON NOTICES OF APPEAL

This matter is before the Court on Notices of Appeal [ECF Nos. 113, 114, 121, 124,125, 147] filed by six Plaintiff Class Members objecting to the denial of the claim each submitted pursuant to the Class Action Settlement Agreement and Release entered into by the Plaintiff Class and Defendant BP Products North America's ("BP"). For the reasons discussed in this Order, the appeals are denied.[1]

As background, in late August 2012, BP's Whiting refinery produced and placed into distribution some gasoline with gum concentrations in excess of specifications. After learning about the off-specification gasoline, BP initiated a product recall and established a voluntary consumer claims processing facility (the "Voluntary Facility") to compensate consumers whose vehicles were impacted by the recalled gasoline. On July 9, 2013, Plaintiffs and BP entered into a Class Action Settlement Agreement and Release (the "Settlement Agreement") "to effect a full and final settlement of all claims which had been or could have been the asserted by Plaintiffs

---

[1] All terms used in the Court's Order are taken from the parties' Class Action Settlement Agreement and Release.

1

and all Settlement Class Members against BP arising from or relating to BP's production and placement into distribution from its Whiting refinery gasoline with gum concentrations above specifications that was possibly sold at certain retail outlets between August 13, 2012 and September 7, 2012." Settlement Agreement [ECF No. 94], at III.3.

On November 26, 2013, the Court entered a Final Order and Judgment approving the Settlement Agreement. *See* [ECF No. 109]. Pursuant to Section III.4. of the Settlement Agreement, BP established a Settlement Claims Process (the "Settlement Facility") to accept, process, and evaluate Claim Forms submitted by Class Members. Additionally, the Settlement Facility was responsible for paying Approved Claims eligible for Settlement Benefit Awards and rejecting Claims not eligible for Settlement Benefit Awards. *See* Settlement Agreement [ECF No. 94], at III.4.A.[2] The deadline for submission of Claim Forms to the Settlement Facility was January 27, 2014.

Pursuant to Section III.6.E. of the Settlement Agreement, Class Members have the right to appeal the Settlement Facility's decision to deny a claim and/or the amount of a Settlement Benefit Award. The Settlement Agreement requires written notification of an appeal to BP and Class Counsel and also provides for a meet and confer process with Class Members who have filed a Notice of Appeal, Class Counsel and BP to attempt to resolve the appeal prior to Court resolution. The parties have complied with that process and now have submitted these appeals to this Magistrate Judge for final resolution pursuant to Section III.6.E. of the Settlement Agreement. The Settlement Agreement provides that the "[c]laims appealed to a Magistrate

---

[2] Per the Settlement Agreement and the Claim Form, there are two subclasses in the Settlement Class. Subclass A members are those claimants who "experienced engine performance or drivability issues before September 28, 2012, resulting from the use of Affected Gasoline but did not undertake engine repairs by that date," and Subclass B members are those claimants "who undertook vehicle repairs or repairs to non-vehicular gasoline powered engines resulting from the use of Affected Gasoline" must have undertaken repairs prior to September 28, 2012. *See* Settlement Agreement [ECF No.94], at III.2.

2

Judge for resolution shall be reviewed de novo. All decisions of the Magistrate Judge shall be final and not subject to any further appellate review." Settlement Agreement [ECF No.94], at III.6.E. The Court will address each Notice of Appeal separately.

### (1) Class Member Joseph Grant

Mr. Grant submitted his Claim Form (Settlement Claim #1497) to the Settlement Facility via US Certified Mail postmarked July 3, 2014, which was over five months after the deadline for submission of Claim Forms. Because the Claim Form was not timely submitted, Mr. Grant's claim was denied on August 6, 2014. Mr. Grant appealed the denial of his claim.

In light of Mr. Grant's appeal, the Settlement Facility conducted an evaluation of his claim, ignoring the lateness of the Claim Form. Pursuant to his Claim Form, Mr. Grant made three fuel purchases totaling $95.00 between August 12, 2012, and September 7, 2012. Putting aside the late claim, the Settlement Facility determined that Mr. Grant would be eligible for a Settlement Benefit Award of $95.00 as reimbursement for these fuel purchases under Subclass A.

Additionally, Mr. Grant's Claim Form indicated that he was submitting a claim under Subclass B and was seeking reimbursement for repair costs incurred, replacement cost of Affected Gasoline purchased, and towing costs. In support of his claim for vehicle repairs, Mr. Grant submitted an "Estimate for Services" from Ghosein's European Auto Works dated June 6, 2014. The estimate includes $5,073.38 in potential parts and labor charges for an engine replacement for Mr. Grant's vehicle, a 1992 Mercedes Benz 400E.

To be eligible for reimbursement of repairs under the Settlement Agreement, a claimant must have undertaken repairs prior to September 28, 2012. *See* Settlement Agreement [ECF No. 94], at III.2. Mr. Grant, however, provided no documentation that his vehicle underwent any

3

repairs before the September 28, 2012 deadline. Even if the estimate had been dated prior to September 28, 2012, Mr. Grant still would not be eligible for a Settlement Benefit Award for the proposed repairs. The Settlement Agreement only allows Settlement Benefit Awards if the claimant submits "an original receipt or invoice from a repair facility and proof that the repairs to the vehicle were completed and paid for . . . ." Settlement Agreement [ECF No. 94], at III.7.B. Because there was no proof provided by Mr. Grant that any repairs to his vehicle were completed and paid for prior to September 28, 2012, the Settlement Facility recommended denying his vehicle repair claim.

Pursuant to section III.6.E. of the Settlement Agreement, counsel for BP and Class Counsel met and conferred regarding Mr. Grant's appeal. BP offered Mr. Grant a Settlement Benefit Award of $95.00 representing the cost of his fuel purchases to resolve his appeal. Class Counsel did not object to this offer. No documentation was provided to justify a Settlement Benefit Award for vehicle repairs. On November 6, 2014, the Settlement Facility sent Mr. Grant a letter informing him that his appeal was denied and of his right to further appeal to the Magistrate Judge. Counsel for BP received a "Notice of Filing" postmarked December 4, 2014, from Steven A. Hinton, private counsel for Mr. Grant. [ECF No. 114]. Counsel for BP then docketed Mr. Grant's Notice of Appeal. *Id.*

On January 9, 2015, counsel for BP, Class Counsel, Mr. Hinton and Mr. Grant participated in a telephonic conference to discuss Mr. Grant's claim and appeal. During the conference, Mr. Hinton indicated that Mr. Grant made $790.00 in fuel purchases between August 13 and September 7, 2012. No resolution of the claim was reached, but Mr. Hinton and Mr. Grant agreed to attempt to locate and provide additional documentation to support the claim,

including additional documentation regarding the $790.00 in fuel purchases. No additional documentation was submitted.

The Court has reviewed the parties' briefs and all documents submitted and concludes that the Settlement Facility fairly and properly evaluated Mr. Grant's claim and appeal under the terms of the Settlement Agreement. Notably, Class Counsel does not object to the denial of Mr. Grant's appeal in light of the applicable terms of the Settlement Agreement. *See* [ECF No. 131]. Mr. Grant submitted his Claim Form over five months late, and his claim could have been denied in its entirety on this fact alone. Despite his late claim, the Settlement Facility evaluated the merits of Mr. Grant's claim and determined that, if lateness was ignored, Mr. Grant was eligible for a $95.00 Settlement Benefit Award for his fuel purchases. Mr. Grant has not provided any documentation or other proof that he undertook any repairs reimbursable under the Settlement Agreement or that he made $790.00 in additional fuel purchases between August 13 and September 7, 2012.

Accordingly, Mr. Grant's claim for vehicle repairs and fuel purchases was denied properly by the Settlement Facility, and his appeal is denied. Mr. Grant should be awarded, if he has not already received it, a Settlement Benefit Award of $95.00.

### (2) Class Member Jay Jones

Mr. Jones submitted his Claim Form (Settlement Claim #1504) to the Settlement Facility via US Priority Mail postmarked January 16, 2015. The submission was nearly one year past the deadline for submission of Claim Forms. Because the Claim Form was not submitted timely, Mr. Jones's claim initially was denied for being late. Mr. Jones appealed the denial.

Upon his appeal, the Settlement Facility conducted a full evaluation of his claim, notwithstanding it having been submitted late. Pursuant the Claim Form, Mr. Jones made one

fuel purchase of $30.10 on August 19, 2012. The Settlement Facility determined that, if the lateness of the claim was ignored, Mr. Jones would be eligible for a Settlement Benefit Award of $30.10 as reimbursement for this fuel purchase under Subclass A.

Additionally, Mr. Jones's Claim Form indicated that he was submitting a claim under Subclass B and that he was seeking reimbursement for repair costs incurred, replacement cost of Affected Gasoline purchased, and alternative transportation costs. In support of his claim for vehicle repairs, Mr. Jones submitted two invoices from American Engine Installations dated May 22, 2014, and October 15, 2014, for a total cost of $9109.89 related to replacement engines for his vehicle, a 2002 Jeep Grand Cherokee.

To be eligible for reimbursement of repairs under the Settlement Agreement, a claimant must have undertaken repairs prior to September 28, 2012. *See* Settlement Agreement [ECF No. 94], at III.2. The documentation submitted by Mr. Jones shows that the repairs for which he is seeking reimbursement occurred 20 and 25 months outside of the permissible time frame provided by the Settlement Agreement. Not only has Mr. Jones provided no documentation that his vehicle underwent any repairs before September 28, 2012, the documentation he did submit proves that the repairs for which he seeks reimbursement occurred much later on May 22, 2014, and October 15, 2014.

Additionally, Mr. Jones submitted documentation reflecting rental car reservations and estimates for car rentals dated April, May, August, and September 2014. Again, to be eligible for alternative transportation costs under the Settlement Agreement, a claimant must have undertaken repairs prior to September 28, 2012, and there is no documentation that Mr. Jones's vehicle underwent any repairs prior to this date. *See* Settlement Agreement [ECF No. 94], at III.2.3

6

Pursuant to Section III.6.E. of the Settlement Agreement, counsel for BP and Class Counsel met and conferred regarding Mr. Jones's appeal and agreed that Mr. Jones had provided no documentation to justify a Settlement Benefit Award for vehicle repairs or alternative transportation. On July 3, 2015, the Settlement Facility sent Mr. Jones a letter informing him that his claim had been approved for a total Settlement Benefit Award of $30.10 for fuel cost and that any additional amounts claimed were denied because the repairs did not occur within the time period for repairs defined in the Settlement Agreement. The letter also informed Mr. Jones of his right to further appeal to the Magistrate Judge.

On August 28, 2015, counsel for BP, Class Counsel, and Mr. Jones participated in a telephonic conference to discuss Mr. Jones's claim. During the course of those discussions, Counsel for BP and Class Counsel explained the appeal determination and that the Settlement Agreement did not cover repairs that occurred after September 28, 2012. No resolution was reached. Mr. Jones filed his Notice of Appeal in this Court on September 24, 2015. [ECF No. 147].

The Court has reviewed the parties' briefs and all documents submitted and concludes that the Settlement Facility fairly and properly evaluated Mr. Jones's claim under the terms of the Settlement Agreement. Neither Mr. Jones nor Class Counsel filed any reply to BP's response to the Notice of Appeal. Mr. Jones submitted an untimely Claim Form, and the claim could have been denied in its entirety on this fact alone. Despite the lateness of the Claim Form, the Settlement Facility evaluated the merits of Mr. Jones's claim and approved his claim for reimbursement of his fuel costs. Mr. Jones has not provided any documentation or other proof that he undertook any repairs reimbursable under the terms of the Settlement Agreement. The

only receipts he has provided show that the repairs for which he seeks reimbursement occurred more that 20 months after the deadline provided in the Settlement Agreement.

Accordingly, his claim for vehicle repairs and alternative transportation were denied properly, and Mr. Jones's appeal is denied. Mr. Jones should be awarded, if he has not already received it, a Settlement Benefit Award of $30.10.

### (3) Class Member Acquanitta Lucas

Ms. Lucas submitted her Claim Form (Settlement Claim #663) to the Settlement Facility via US Mail postmarked October 8, 2013. In the Claim Form, Ms. Lucas estimated that she paid $40.01 for premium gasoline on August 13, 2012. Ms. Lucas also indicated in the Claim Form that she was submitting a Subclass A claim. Per the Settlement Agreement and the Claim Form, Subclass A members are those claimants who "experienced engine performance or drivability issues before September 28, 2012, resulting from the use of Affected Gasoline but did not undertake engine repairs by that date." Settlement Agreement [ECF No. 94], at III.2. Ms. Lucas did not complete any of the Claim Form sections for Subclass B members.

With her Claim Form, Ms. Lucas provided invoices for two separate vehicle repairs performed by Walt's Automotive. The first of these invoices is dated August 23, 2013, and the second one is dated September 25, 2013. The total cost of these two repairs appears to be $2,087.80. Because both of these repairs occurred nearly one year after the deadline for repairs in the Settlement Agreement, the Settlement Facility determined that Ms. Lucas did not qualify for a Settlement Benefit Award for the repair costs. On October 5, 2014, the Settlement Facility sent Ms. Lucas a letter informing her that her claim had been approved for a Settlement Benefit Award of $40.01, which represented the cost of her fuel purchase as claimed on the Claim Form.

Through Class Counsel, counsel for BP was informed that Ms. Lucas wished to appeal her claim and requested that the claim be evaluated as a Subclass B claim. In light of Ms. Lucas's request, the Settlement Facility re-evaluated the claim. To be eligble for reimbursement of repairs under the Settlement Agreement, a Subclass B claimant must have undertaken repairs prior to September 28, 2012. See Settlement Agreement [ECF No.94], at III.2. Ms. Lucas, however, provided no documentation indicating that her vehicle underwent any repairs before the September 28, 2012 deadline. Based on the repair invoices submitted, Ms. Lucas did not have her vehicle repaired until nearly a year after the deadline.

Pursuant to Section III.6.E. of the Settlement Agreement, counsel for BP and Class Counsel met and conferred regarding Ms. Lucas's appeal and agreed that all of the claimed vehicle repairs occurred after the September 28, 2012 deadline. On January 13, 2015, the Settlement Facility sent Ms. Lucas a letter informing her that her claim for the cost of vehicle repairs was denied because the repairs claimed did not occur within the required time period for repairs under the Settlement Agreement. The letter also informed Ms. Lucas of her right to further appeal the determination of her claim to the Magistrate Judge.

Ms. Lucas filed her Notice of Appeal in this Court on March 4, 2015. [ECF No. 121]. Ms. Lucas also filed a Response in Support of Appeal on May 20, 2015. *See* [ECF No. 134]. In her Response, Ms. Lucas claims that she was not aware that she was "running out of time to repair [her] vehicle." [ECF No. 134-1]. Additionally, Ms. Lucas stated: "I was under the understanding I had a choice to have my vehicle fixed where I was able to go. The Assigned areas to repair my vehicle was not in close proximity to where I lived. Neither could I afford to have my vehicle towed to any of the assigned places." *Id.*

None of these statements cure the defects in Ms. Lucas's claim or appeal. Contrary to the assertion in her Response, the Settlement Agreement did not set any "Assigned areas" for vehicle repairs. Additionally, BP's Voluntary Claim Facility, which was in operation prior to the Settlement Agreement, did not place any limits on where a claimant could have their vehicle repaired. Ms. Lucas, like every other Voluntary Facility and Settlement Claimant, had complete discretion to have her vehicle repaired at the location of her choice.

The Court has reviewed the parties' briefs and all documents submitted and concludes that the Settlement Facility fairly and properly evaluated Ms. Lucas's claim under the terms of the Settlement Agreement. Notably, Class Counsel does not object to the denial of Mr. Lucas's appeal in light of the applicable terms of the Settlement Agreement. *See* [ECF No. 132]. Ms. Lucas submitted a Subclass A claim and indicated that her fuel purchase cost was $40.01. The Settlement Facility approved a Settlement Benefit Award of $40.01 for her fuel purchase under Subclass A. Ms. Lucas has not provided any documentation indicating that she undertook vehicle repairs within the deadline for repairs contained in the Settlement Agreement. The only repair invoices submitted by Ms. Lucas were for repairs undertaken almost one year after the repair deadline.

Accordingly, Ms. Lucas is not eligible for a Subclass B Settlement Benefit Award for repair costs, and her appeal is denied. Ms. Lucas should be, if she has not already received it, a Settlement Benefit Award of $40.01.

### (4) Class Member Latisha Rathell

Ms. Rathell submitted her Claim Form (Settlement Claim #12) to the Settlement Facility on or about August 13, 2013. Her Claim Form indicated that she was filing a claim based on a fuel purchase that occurred on September 19, 2012. Because this fuel purchase occurred after

September 7, 2012 (the end of the Class period), the Settlement Facility denied her claim. Ms. Rathell appealed the denial of her claim.

In response to the appeal, the Settlement Facility conducted an evaluation of Ms. Rathell's claim, including her prior Voluntary Facility Claim. Ms. Rathell was reimbursed $1,178.99 by the Voluntary Facility. This amount reflected a full reimbursement of all fuel and repair costs submitted by Ms. Rathell to the Voluntary Facility. Ms. Rathell did not provide any additional documentation with her Claim Form reflecting any other repairs to her vehicle. However, the Settlement Facility determined that Ms. Rathell had not previously been reimbursed by the Voluntary Facility for her alternative transportation costs and mileage. Based on the information provided in the Claim Form, the Settlement Facility determined that Ms. Rathell is eligible for a Settlement Benefit Award of $17.85 for her alternative transportation/mileage claim.

Pursuant to Section III.6.E. of the Settlement Agreement, counsel for BP and Class Counsel met and conferred regarding Ms. Rathell's appeal. Class Counsel did not object to the proposed Settlement Benefit Award of $17.85. On January 13, 2015, the Settlement Facility sent Ms. Rathell a letter informing her that her appeal had been reviewed and she was eligible for a Settlement Benefit Award in the amount of $17.85 for her alternative transportation and mileage costs. The letter also informed Ms. Rathell that any vehicle repair claim asserted was denied because those costs had been reimbursed previously by the Voluntary Facility. Finally, the letter also informed Ms. Rathell of her right to further appeal to the Magistrate Judge. On February 20, 2015, Ms. Rathell was sent a check for $17.85 from the Settlement Facility.

Counsel for BP, Class Counsel, and Ms. Rathell have had several telephone conferences regarding her claim and appeal. During the course of these discussions, Ms. Rathell was

11

encouraged to submit any additional documentation that would support her claims. Ms. Rathell did not provide any additional documentation. Following up on these discussions, the Settlement Facility sent a letter to Ms. Rathell on April 3, 2015, informing her that her prior appeal determination was unchanged.

Ms. Rathell filed a Notice of Appeal [ECF No. 125] on April 16, 2015. In the Notice of Appeal, Ms. Rathell appeals the Settlement Benefit Award of $17.85 and she also states that the fuel issue "caused me multiple car repairs, unnecessary stress and inconvenience." [ECF No. 125-1]. The Notice of Appeal does not include any documentation or provide any support for any additional Settlement Benefit Award. Ms. Rathell, however, filed a Response in Support of Appeal [ECF No. 142] on June 3, 2015. In her Response, Ms. Rathell claims that she did not have additional repairs performed on her vehicle's catalytic converter because she could not afford the out-of-pocket expense, and a "BP Rep" informed her that she could not be reimbursed until the repairs had been completed. *See* [ECF No. 142-1].

The record shows that the Voluntary Facility regularly arranged for direct payments to repair shops to allow individuals to have their vehicles repaired without incurring any out-of-pocket costs. If Ms. Rathell's vehicle needed additional fuel-related repairs, there was an option for her to have those repairs performed with no out-of-pocket costs to her. Accordingly, Ms. Rathell's contention that the she delayed additional repairs to avoid out-of-pocket costs is not plausible.

The Court has reviewed the parties' briefs and all documents submitted and concludes that the Settlement Facility fairly and properly evaluated Ms. Rathell's claims under the terms of the Settlement Agreement. Notably, Class Counsel does not object to the denial of Ms. Rathell's appeal in light of the applicable terms of the Settlement Agreement. *See* [ECF No. 139]. Ms.

Rathell previously was reimbursed in full by the Voluntary Facility for all repairs to her vehicle. Additionally, the Settlement Facility has issued a Settlement Benefit Award check in the amount of $17.85 to Ms. Rathell for her alternative transportation/mileage costs.

Based on the documentation submitted, Ms. Rathell's claim has been fully reimbursed, and she is not eligible for any additional Settlement Benefit Award. Accordingly, Ms. Rathell's appeal is denied.

### (5) Class Member Lynette Shinaul

Ms. Shinaul submitted her Claim Form (Settlement Claim #1455) to the Settlement Facility via US Certified Mail postmarked February 12, 2014. This submission was over two weeks after the deadline for submission of Claim Forms. In addition to being late, Ms. Shinaul's Claim Form was incomplete. Ms. Shinaul only submitted pages 2, 3, and 12 of the Claim Form. A complete Claim Form for Ms. Shinaul's claim never has been submitted to the Settlement Facility. Because the Claim Form was not submitted timely, Ms. Shinaul's claim was denied on March 25, 2014. Ms. Shinaul appealed the denial of her claim.

In light of Ms. Shinaul's appeal, the Settlement Facility conducted an evaluation of her claim, ignoring the lateness of the Claim Form. Neither the Claim Form nor her letter appealing the denial of her claim contained any additional details or information regarding what damages Ms. Shinaul is claiming in her settlement claim. Additionally, Ms. Shinaul did not provide any supporting documentation with her Claim Form or appeal letter, but did indicate on page 3 of the Claim Form that she wished to have the documentation previously submitted to the Voluntary Facility reviewed in support of her claim. The Settlement Facility also reviewed Ms. Shinaul's Voluntary Facility claim and determined that she previously had been fully reimbursed for all damages claimed. Specifically, she submitted a repair invoice to the Voluntary Facility for parts

and labor totaling $215.15. Additionally, Ms. Shinaul claimed that she missed two hours of work dealing with her vehicle repairs. Based on her reported hourly pay, Ms. Shinaul claimed a total of $44.00 in lost wages. The Voluntary Facility issued a check to Ms. Shinaul for $256.15, which represented a full payment of her Voluntary Facility claims.

Pursuant to Section III.6.E. of the Settlement Agreement, counsel for BP and Class Counsel met and conferred regarding Ms. Shinaul's appeal and agreed that Ms. Shinaul's Claim Form did not make any claims for new damages that had not been previously fully reimbursed by the Voluntary Facility. On November 6, 2014, the Settlement Facility sent Ms. Shinaul a letter informing her that her appeal was denied and informing her of her right to further appeal to the Magistrate Judge.

Counsel for BP, Class Counsel, and Ms. Shinaul have had several telephone conferences regarding her claim since December 2014. During these conferences, Ms. Shinaul confirmed that she did not have any additional repairs and that all her vehicle repair costs were reimbursed fully by the Voluntary Facility. Additionally, she confirmed that her lost income claim was fully reimbursed by the Voluntary Facility. However, it was discovered that Ms. Shinaul did not make a claim for her fuel purchase or for alternative transportation costs in the Voluntary Facility. In light of this, counsel for BP offered Ms. Shinaul a Settlement Benefit Award of $50.00 for her fuel purchase and $7.50 for her alternative transportation claim to resolve her appeal. This Settlement Benefit Award was unacceptable to Ms. Shinaul, and she informed counsel for BP that she is seeking reimbursement for "pain and suffering." Counsel for BP and Class Counsel informed Ms. Shinaul that reimbursement for "pain and suffering" is not provided for under the Settlement Agreement. Ms. Shinaul refused the Settlement Benefit Award of $57.50 and filed a Notice of Appeal in this Court on December 31, 2015. [ECF No. 113].

The Court has reviewed the parties' briefs and all documents submitted and concludes that the Settlement Facility fairly and properly evaluated Ms. Shinauls's claim under the terms of the Settlement Agreement. Notably, Class Counsel does not object to the denial of Ms. Shinaul's appeal in light of the applicable terms of the Settlement Agreement. *See* [ECF No. 130]. Ms. Shinaul submitted an incomplete Claim Form over two weeks late, and the claim could have been denied in its entirety on these facts alone. Despite the lateness and incompleteness of the Claim Form, the Settlement Facility evaluated the merits of Ms. Shinaul's claim and re-evaluated her Voluntary Facility claim. Ms. Shinaul was fully reimbursed by the Voluntary Facility for all claimed damages. Further, BP offered Ms. Shinaul a Settlement Benefit Award of $57.50 for her fuel purchase and alternative transportation costs not previously claimed in the Voluntary Facility, in order to resolve her appeal. This offer was rejected. Ms. Shinaul is seeking reimbursement for "pain and suffering." However, reimbursement for pain and suffering is not provided for under the Settlement Agreement.

Accordingly, Ms. Shinaul's appeal is denied. Ms. Shinaul should be awarded a Settlement Benefit Award of $57.50 for her fuel purchase and alternative transportation costs, which were not previously claimed in the Voluntary Facility and which previously was rejected.

### (6) Class Member Elaine Watson

Ms. Watson submitted her Claim Form (Settlement Claim #1420) to the Settlement Facility via US Certified Mail postmarked January 28, 2014. This submission was one day past the deadline for submission of Claim Forms. Because the Claim Form was not submitted timely, Ms. Watson's claim was denied on May 12, 2014. Ms. Watson appealed the denial of her claim.

In light of Ms. Watson's letter, the Settlement Facility conducted an evaluation of her claim, ignoring the lateness of the Claim Form. Ms. Watson's Claim Form was not completely

filled out, but did indicate that she had additional repairs to her 1997 Ford Econoline van that she wished to have reimbursed. Ms. Watson indicated in her Claim Form that she was seeking $3100 in reimbursement related to the costs of replacing the engine in her van. Specifically, Ms. Watson submitted an invoice from Endless Investments, LLC dated October 23, 2013, for a total cost of $2869.25 related to a replacement engine for her vehicle.

To be eligible for reimbursement of repairs under the Settlement Agreement, a claimant must have undertaken repairs prior to September 28, 2012. *See* Settlement Agreement [ECF No. 94], at III.2. Ms. Watson provided no documentation that her vehicle underwent any repairs before the September 28, 2012 deadline that were not previously fully reimbursed by the Voluntary Facility.

Pursuant to Section III.6.E. of the Settlement Agreement, counsel for BP and Class Counsel met and conferred regarding Ms. Watson's appeal and agreed that Ms. Watson did not provide any documentation related to additional repairs completed before the September 28, 2012 deadline. On November 6, 2014, the Settlement Facility sent Ms. Watson a letter informing her that her appeal was denied and informing her of her right to further appeal to the Magistrate Judge.

At the request of Ms. Watson, Counsel for BP, Class Counsel, and Ms. Watson have had several telephone conferences regarding her claim since December 2014. During the course of those discussions, Ms. Watson indicated that she was not satisfied with the outcome of her claim and provided additional documentation related to her engine replacement in October 2013. Ms. Watson, however, has not provided any additional documentation to prove that she undertook any repairs prior to the September 28, 2012 deadline for which Ms. Watson was not previously reimbursed in full by the Voluntary Facility. Following up on these discussions, the Settlement

16

Facility sent a letter to Ms. Watson on April 3, 2015, informing her that her appeal remained unchanged and still was denied because the additional repairs claimed did not occur within the time period for repairs under the Settlement Agreement. Ms. Watson filed a Notice of Appeal in this Court on April 16, 2015. *See* [ECF No. 124].

In her appeal, Ms. Watson claims that she was unable to afford additional repairs to her vehicle. However, Ms. Watson ignores the fact that BP's Voluntary Facility regularly paid repair shops directly for fuel-related repairs to allow individuals to avoid out-of-pocket costs. In fact, at Ms. Watson's request, the Voluntary Facility directly paid her repair shop $1775 in September 2012 for fuel-related repairs so Ms. Watson would not have to pay out of pocket prior to the reimbursement of her claim. If Ms. Watson's vehicle needed any additional fuel-related repairs, the same direct payment process could have been used. Neither Ms. Watson nor her repair shop indicated any additional repairs were needed. Accordingly, Ms. Watson's contention that the cost of repairs caused her to delay undertaking those repairs until almost one year after the deadline contained in the Settlement Agreement is not plausible.

The Court has reviewed the parties' briefs and all documents submitted and concludes that the Settlement Facility fairly and properly evaluated Ms. Watson's claims under the terms of the Settlement Agreement. Notably, Class Counsel does not object to the denial of Ms. Watson's appeal in light of the applicable terms of the Settlement Agreement. *See* [ECF No. 138]. Ms. Watson submitted an untimely and incomplete Claim Form, and the claim could have been denied in its entirety on these facts alone. Despite the lateness and incompleteness of the Claim Form, the Settlement Facility evaluated the merits of Ms. Watson's claim and re-evaluated her Voluntary Facility claim. Ms. Watson was reimbursed in full by the Voluntary Facility for all repairs that occurred prior to the September 28, 2012 deadline in the Settlement Agreement. Ms.

Watson's claim and appeal seek reimbursement for additional repairs that occurred over one year after that deadline.

Accordingly, Ms. Watson's appeal is denied.

## CONCLUSION

For all of the reasons set forth herein, the appeals filed by Joseph Grant [ECF No. 114], Jay Jones [ECF No. 147], Acquanitta Lucas [ECF No. 121], Latisha Rathell [ECF No. 125], Lynette Shinaul [ECF No.113], and Elaine Watson [ECF No. 124] are denied.

It is so ordered.

                                                                Jeffrey T. Gilbert
                                                                United States Magistrate Judge

Dated: February 23, 2016