

**UNITED STATES DISTRICT COURT**
NORTHERN DISTRICT OF ILLINOIS
219 SOUTH DEARBORN STREET
CHICAGO, ILLINOIS 60604

THOMAS G. BRUTON
CLERK

312-435-6860

August 12, 2021

Clinton A. Krislov
Krislov & Associates, Ltd.
20 North Wacker Drive
Suite 1006
Chicago, IL 60606
clint@krislovlaw.com

Kenneth Todd Goldstein
Krislov & Associates, Ltd.
20 North Wacker Drive
Suite 1350
Chicago, IL 60606
ken@krislovlaw.com

Irwin B. Levin
Cohen & Malad
One Indiana Square
Suite 1400
Indianapolis, IN 46204
ilevin@cohenandmalad.com

Jonathan Andre Knoll
Cohen & Malad, Llp
One Indiana Square
Suite 1400
Indianapolis, IN 46204
jknoll@cohenandmalad.com

Richard E Shevitz
Cohen & Malad, LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204
rshevitz@cohenandmalad.com

David J. Cutshaw
Cohen & Malad LLP
One Indiana Square
Suite 1400
Indianapolis, IN 46204
dcutshaw@cohenandmalad.com

Edward B. Mulligan, V
Cohen & Malad, Llp
One Indiana Square
Suite 1400
Indianapolis, IN 46204
nmulligan@cohenandmalad.com

Daniel A. Edelman
Edelman, Combs, Latturner & Goodwin LLC
20 South Clark Street
Suite 1500
Chicago, IL 60603
courtecl@edcombs.com

Cathleen M. Combs
Edelman, Combs, Latturner & Goodwin LLC
20 South Clark Street
Suite 1500
Chicago, IL 60603
ccombs@edcombs.com

Emiliya Gumin Farbstein
Edelman, Combs, Latturner & Goodwin, LLC
20 S. Clark St.
Ste. 1500
Chicago, IL 60603
312-739-4200

James O. Latturner
Edelman, Combs, Latturner & Goodwin LLC
20 South Clark Street
Suite 1500
Chicago, IL 60603
jlatturner@edcombs.com

Sharon Goott Nissim
Edelman, Combs, Latturner & Goodwin, LLC
120 S. Lasalle St.
Suite 1800
Chicago, IL 60603
snissim@edcombs.com

| | |
|---|---|
| Zachary A. Jacobs<br>Quantum Legal LLC<br>2801 Lakeside Drive<br>Suite 100<br>Bannockburn, IL 60015<br>zachary@Qulegal.com | John Randolph Worth<br>Kirkland & Ellis LLP<br>300 North LaSalle Street<br>Chicago, IL 60654<br>john.worth@kirkland.com |
| Joseph N. Williams<br>Riley Williams & Piatt LLC<br>301 Massachusetts Avenue<br>Indianapolis, IN 46204<br>williams@rwp-law.com | Mark S. Lillie<br>Kirkland & Ellis LLP<br>300 North LaSalle Street<br>Chicago, IL 60654<br>mlillie@kirkland.com |
| William N. Riley<br>Riley Williams & Piatt LLC<br>301 Massachusetts Avenue<br>Indianapolis, IN 46204<br>wriley@rwp-law.com | David J. Zott<br>Kirkland & Ellis LLP<br>300 North LaSalle Street<br>Chicago, IL 60654<br>dzott@kirkland.com |
| Yvonne Ballesteros<br>Price Waicukauski & Riley, LLC<br>301 Massachusetts Avenue<br>Indianapolis, IN 46204<br>yballesteros@price-law.com | Jessica L. Staiger<br>Kirkland & Ellis LLP<br>300 North LaSalle Street<br>Chicago, IL 60654<br>jessica.staiger@kirkland.com |

**In re: Price et al. v. BP. P.L.C. et al., Case No. 12 CV 6799**

Dear Counsel,

I have been contacted by Judge Robert W. Gettleman, who presided over the above-mentioned case.

Judge Gettleman informed me that it has been brought to his attention that while he presided over the case, he owned stock in BP. His ownership of stock neither affected nor impacted his decisions in this case. However, his stock ownership would have required recusal under the Code of Conduct for United States Judges, and thus, Judge Gettleman directed that I notify the parties of the conflict.

Advisory Opinion 71, from the Judicial Conference Codes of Conduct Committee, provides the following guidance for addressing disqualification that is not discovered until after a judge has participated in a case:

> [A]judge should disclose to the parties the facts bearing on disqualification as soon as those facts are learned, even though that may occur after entry of the decision. The parties may then determine what relief they may seek, and a court (without the disqualified judge) will decide the legal consequence, if any, arising from the participation of the disqualified judge in the entered decision.

Although Advisory Opinion 71 contemplated disqualification after a Court of Appeals oral argument, the Committee explained "[s]imilar considerations would apply when a judgment was entered in a district court by a judge and it is later learned that the judge was disqualified."

With Advisory Opinion 71 in mind, you are invited to respond to Judge Gettleman's disclosure of a conflict in this case. Should you wish to respond, please submit your response on or before August 31, 2021. Any response will be considered by another judge of this court without the participation of Judge Gettleman.

Sincerely,

Thomas G. Bruton
Clerk of Court